IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MAGDALENA OROZCO,

        Plaintiff,                      No. CIV S-12-2585 KJM CKD

    v.

MIDLAND CREDIT
MANAGEMENT, INC.,                 ORDER

        Defendant.

_____/

        On October 16, 2012, plaintiff filed a complaint alleging that defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (FDCPA), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq*. (RFDCPA).  Plaintiff alleges that Debt Counsel for Seniors and Disabled faxed a cease and desist letter to defendant on or about June 5, 2012, but that on June 7, 2012, defendant mailed a collection letter to plaintiff. Plaintiff alleges that defendant violated both the FDCPA and the RFDCPA by communicating with her after the cease and desist letter was sent on her behalf.

        On February 27, 2013, defendant filed a motion for summary judgment, arguing that the provisions cited by plaintiff do not apply to a cease and desist letter sent by a consumer's attorney; that even if they did, the letter was sent by an attorney not licenced to practice law in

/////

1

California; and that the letter falls within an exception to the law because it was an offer to settle a debt.  ECF No. 14 at 1-2.

On March 8, 2013, plaintiff filed an ex parte motion to stay summary judgment pending completion of discovery.  ECF Nos. 18, 19.  Defendant has opposed the motion, arguing that plaintiff has improperly brought an ex parte motion instead of including the request to stay as part of her opposition to the motion for summary judgment. ECF No. 20.

Rule 56(d) of the Federal Rules of Civil Procedure permits a court to deny or continue determination of a motion for summary judgment "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . ."  *See generally Family Home and Fin. Ctr. v. Fed. Home Loan Mortg. Corp*, 525 F.3d 822, 827 (9th Cir. 2008).   A motion to stay the motion should be brought before the summary judgment hearing.  *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002).  Although the request is often made as part of the opposition to the motion for summary judgment, some courts have entertained such motions ex parte.  *B&H Mfg. Co., Inc. v. Sidel S.A.S.*, No. 2:07–cv–02208–MCE–EFB, 2009 WL 3762407, at *1 (E.D. Cal. 2009).

Although the parties have submitted competing declarations, the court declines to resolve the question without hearing from the parties.  Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for summary judgment, currently set for April 12, 2013, is continued until April 26, 2013, at 10:00 a.m.;

2. Plaintiff's motion to continue summary judgment will be heard on April 12, 2013, at 10:00 a.m.; and

3. Plaintiff's reply to the opposition, to her motion to continue, if any, is due no later than April 5, 2012, at the close of business.

DATED:  March 28, 2013.

_____
UNITED STATES DISTRICT JUDGE

2