IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MAGDALENA OROZCO,

        Plaintiff,                  No. CIV S-12-2585 KJM CKD

    v.

MIDLAND CREDIT
MANAGEMENT, INC.,                 ORDER

        Defendant.
_____/

        On October 16, 2012, plaintiff filed a complaint alleging that defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* (RFDCPA).  Plaintiff alleges she is "a member of Debt Counsel for Seniors and Disabled (DCSD);" that on June 5, 2012, "DCSD called Defendant and spoke to one of Defendant's employees, Tyrone Seghal; that Seghal provided defendant's fax number to DCSD, and that on June 5, 2012, DCSD faxed a cease and desist letter to Defendant."  ECF No. 1 ¶¶ 21-25.  The letter, signed by Jerome S. Lamet, Supervising Attorney, advised defendant that his firm represents plaintiff for the purpose of enforcing her rights under debt collection laws and informed defendant it must cease and desist contacting plaintiff in connection with the debt.  ECF No. 1, Ex. B.  The complaint's two

/////

Case 2:12-cv-02585-KJM-CKD   Document 34   Filed 04/12/13   Page 2 of 5

causes of action arise from this single communication:  violations of 15 U.S.C. § 1692c(c) and California Civil Code § 1788.30, stemming from the FDCPA claim.  ECF No. 1 at 4-5.

On February 27, 2013, defendant filed a motion for summary judgment, arguing that the provisions cited by plaintiff do not apply to a cease and desist letter sent by a consumer's attorney; that even if they did, the letter was sent by an attorney not licensed to practice law in California; and that the letter falls within an exception to the law because it was an offer to settle a debt.  ECF No. 14 at 1-2.

On March 8, 2013, plaintiff filed an ex parte motion to stay summary judgment pending completion of discovery.  ECF Nos. 18, 19.  Defendant has opposed the motion, arguing that plaintiff has improperly brought an ex parte motion instead of including the request to stay as part of its opposition to the motion for summary judgment.  ECF No. 20.

In her initial motion, plaintiff's counsel paraphrases an email he sent to defendant's counsel, listing the discovery he believes he needs in order to oppose the motion for summary judgment, and then outlines the discovery undertaken so far.  ECF No. 19-1, Declaration of Michael Agruss, ECF No. 19-1 ¶¶ 8-21, 23, 26, 32-35.  In the initial briefing counsel argued generally that "[p]laintiff needs Defendant's full responses to discovery, including Defendant's disclosure of documents, in order to properly oppose Defendant's Motion for Summary Judgment," because "[p]laintiff believes Defendant's complete responses to discovery, including disclosure of its full account notes, will reveal additional communications with Plaintiff, and thus subject Defendant to liability under the FDCPA and the RFDCPA."  ECF No. 18 at 8.

Counsel provides some specifics: he wants to depose defendant's employee Tyrone Seghal about his conversation with a DCSD representative and to ask what notations Seghal made to plaintiff's account.  He also seeks to  review all the training materials and information about policies and procedures Seghal received concerning compliance with FDCPA and RFDCPA.  ECF No. 18 at 9.  Counsel seeks to depose Angelique Ross, defendant's

corporate representative, because she will have information related to plaintiff's requests for admissions and "discoverable information regarding Defendant's bona fide error defense." ECF No. 18 at 10. Finally, counsel adds in conclusory fashion that he needs all account notes, collection notes, collection notices, and a variety of other documents in order to oppose summary judgment. ECF No. 18 at 10.

Defendant counters that because it raises only legal issues in summary judgment and for purposes of the motion accepts the facts stated in the complaint to be true, plaintiff cannot show that pursuing any discovery will have any impact on her ability to defend against the motion.

In reply, plaintiff repeats that she needs a variety of materials, in particular the deposition of Sehgal about all communications between DCSD's contacts with defendant before and after the cease and desist letter, among other things, and about Sehgal's notations in plaintiff's account. Plaintiff also observes that the summary judgment motion is supported by Angelique Ross's deposition and so "[p]laintiff must be able to cross-examine Ms. Ross regarding her declaration in order to file an Opposition to Defendant's Motion . . . ." ECF No. 25 at 7-8. Plaintiff also argues that she needs to depose Ross "about the different letters Defendant sends to consumers." ECF No. 25 at 9.

Rule 56(d)[1] of the Federal Rules of Civil Procedure permits a court to deny or continue determination of a motion for summary judgment "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . ." *See generally Family Home & Fin. Ctr. v. Fed. Home Loan Mortg. Corp*, 525 F.3d 822, 827 (9th Cir. 2008).[2] To justify a delay, however, the party moving for more time

---

[1] Rule 56 was amended in 2010 and the substance of this subdivision was moved from Rule 56(f) to Rule 56(d). *Green v. Lee*, No. C08–2729 TEH, 2011 WL 3607556, at *2 n.1 (N.D. Cal. Aug. 16, 2011).

[2] A party seeking a stay must also show that she had pursued discovery diligently. *Qualls v. Blue Cross of California, Inc.*, 22 F.3d 839, 844 (9th Cir. 1994). Plaintiff has provided

3

1  must show "'what facts she hopes to discover to raise a material issue of fact.'" *Terrell v.*
2  *Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991) (quoting *Hancock v. Montgomery Ward Long Term*
3  *Disability Trust*, 787 F.2d 1302, 1306 n.1 (9th Cir. 1986)).  Plaintiff cannot make this showing
4  unless she bears her burden of demonstrating that the facts she seeks actually exist.  *See State of*
5  *California, on Behalf of California Dep't of Toxic Substances Control v. Campbell*, 138 F.3d
6  772, 779 (9th Cir. 1998); *Coronado v. Cnty. of Madera*, No. CV-F-03-5874 LJO, 2006 WL
7  845625, at *1 (E.D. Cal. Mar. 28, 2006).  A party seeking to postpone summary judgment must
8  present "[f]acts, not conclusions . . . ."  *Coronado*, 2006 WL 845625, at *1; *Best Western Int'l,*
9  *Inc. v. Sharda, LLC*, No. CV-08-1219-PHX-DGC, 2009 WL 1749458, at *2 (D. Ariz. June 22,
10 2009) (stating that a party seeking a continuance may not rely on "vague assertions that
11 additional discovery will produce needed, but unspecified facts") (internal citation, quotation
12 marks omitted).  A claim that facts "may exist" is insufficient.  *Maljack Prod., Inc. v. Goodtimes*
13 *Home Video Corp.*, 81 F.3d 881, 888 (9th Cir. 1996).  Finally plaintiff must explain how the
14 facts she seeks will preclude summary judgment by addressing the issues raised by the motion.
15 *U.S. Cellular Inv. Co. of Los Angeles, Inc. v. GTE Mobilnet, Inc*., 281 F.3d 929, 939 (9th Cir.
16 2002); *Cramer v. Target Corp.*, No. 1:08–cv–01693–SKO, 2011 WL 5873401, at *9 (E.D. Cal.
17 Nov. 22, 2011).

18         Here, plaintiff has not borne her burden because she fails to explain how the facts
19 she seeks relate to the pending motion for summary judgment.  For example, she wants
20 information about defendant's additional contacts with plaintiff to rebut the bona-fide error
21 defense, yet that defense is not covered by this summary judgment motion.  She also says she
22 wants to question Seghal about his conversation with a DCSD representative before the cease
23 and desist letter was faxed, but does not link that conversation with the only claim in her
24 complaint–-that defendant contacted her after receiving her faxed cease and desist letter–-and the

---

26 sufficient information about her attempts to secure the information she believes she needs.

4

legal issues raised in the motion. Moreover, she has completely failed to explain how Seghal's notations in her file, or his training if any, relate to the issues raised on summary judgment. Even if counsel's declaration can be read as demonstrating that such facts exist, it fails to link the facts to the issues raised by the pending motion.

Plaintiff similarly has not tied any discovery sought from Ross to defendant's motion. For example, though she says she needs to cross examine Ross about her declaration, she does not suggest what she will ask Ross, who serves only as a custodian of records, or how any questioning of the custodian of records relates to the legal issues raised in the pending motion. *See DeGrassi v. City of Glendora*, 207 F.3d 636, 643 (9th Cir. 2000) (upholding district court's denial of Rule 56(f) request when issue on summary judgment raised only matters of law). Once again, even assuming she has shown there are facts to elicit from Ross, she has failed to tie them to the motion. Similarly, although she says she will ask Ross about the different types of correspondence so she can challenge defendant's claim that the June 7 letter was a settlement offer, she has not shown that the court's resolution of that issue turns on defendant's intent rather than on the content of the letter itself. Indeed she has not addressed in a focused manner the legal questions raised by the motion and so has not shown that any factual material she hopes to elicit will have any bearing on this court's resolution of the issues.

IT IS THEREFORE ORDERED that plaintiff's motion to stay, ECF No. 18, is denied.

DATED: April 12, 2013.

_____
UNITED STATES DISTRICT JUDGE