1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

10

11   MAGDALENA OROZCO,

12                    Plaintiff,                 No. 2:12-cv-02585-KJM-CKD

13         vs.

14   MIDLAND CREDIT MANAGEMENT
     INC.,
15

16                    Defendant.              ORDER

17   _____/

18          This matter is before the court on plaintiff's motion for leave to amend her

19   complaint, which alleges defendant engaged in unlawful debt collection.  The motion was

20   decided without a hearing.  For the reasons below, the court GRANTS plaintiff's motion.

21   I.       ALLEGED FACTS AND PROCEDURAL BACKGROUND

22          On October 16, 2012, plaintiff filed a complaint alleging that defendant, a debt

23   collection agency, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.

24   ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et*

25   *seq*. ("RFDCPA").  Plaintiff alleges she is "a member of Debt Counsel for Seniors and

26   Disabled (DCSD);" that on June 5, 2012, "DCSD called Defendant and spoke to one of

27   Defendant's employees, Tyrone Seghal; that Seghal provided defendant's fax number to

28   DCSD, and that on June 5, 2012, DCSD faxed a cease and desist letter to Defendant."  (Compl.

                                          1

¶¶ 21–25.)  The letter, signed by Jerome S. Lamet, Supervising Attorney, advised defendant

that his firm represents plaintiff for the purpose of enforcing her rights under debt collection

laws and informed defendant it must cease and desist contacting plaintiff in connection with the

debt allegedly owed defendant, who had acquired the debt from T-Mobile.  (ECF 1, Ex. B.)

Plaintiff alleges she received a collection letter from defendant on June 7, 2012, after defendant

had received her cease and desist communication, in violation of the FDCPA (15 U.S.C.

§ 1692c(c)) and California Civil Code § 1788.30.  (Compl. ¶ 27; ECF 1 at 4–5.)

On February 27, 2013, defendant filed a motion for summary judgment, arguing

that the provisions cited by plaintiff do not apply to a cease and desist letter sent by a

consumer's attorney; that even if they did, the letter was sent by an attorney not licensed to

practice law in California; and that the letter falls within an exception to the law because it was

an offer to settle a debt.  (ECF 14 at 1-2.)

On March 8, 2013, plaintiff filed an ex parte motion to stay summary judgment

pending completion of discovery.  (ECF 18, 19.)  In that motion, plaintiff's counsel asserted he

needed defendant's full responses to discovery to oppose properly the summary judgment

motion.  (ECF 18 at 8.)  Among other things, plaintiff's counsel sought to depose defendant's

employee Tyrone Seghal about his conversation with a DCSD representative and about what

notations Seghal made to plaintiff's account, and also sought to depose Angelique Ross,

defendant's corporate representative, because she would have information regarding

defendant's bona fide error defense.  (*Id.* at 8–10.)  Defendant opposed the motion, arguing

that because it raises only legal issues in summary judgment and for purposes of the motion

accepts the facts stated in the complaint to be true, plaintiff cannot show that pursuing any

discovery will have any impact on her ability to defend against the motion.  (ECF 20.)

This court denied plaintiff's motion to stay on April 12, 2013, finding plaintiff

had not borne her burden under Federal Rule of Procedure 56(d) by explaining how the facts

she sought related to the pending motion for summary judgment.  (ECF 34 at 4–5.)  For

example, plaintiff argued she needed discovery to rebut the bona fide error defense; however,

that defense was not covered by defendant's summary judgment motion.

1    Plaintiff filed her opposition to defendant's summary judgment motion on April

2   26, 2013.  (ECF 45.)  In that opposition, plaintiff's counsel attests that defendant served

3   amended responses to discovery on the evening of April 23, 2013, three days before plaintiff's

4   opposition was due.  (Agruss Decl. ¶ 24, Ex. A, ECF 45-1.)  In these amended responses,

5   defendant admitted for the first time that it placed telephone calls regarding plaintiff's T-

6   Mobile account.  (*Id.* ¶ 25, Ex. K, ECF 45-11.)  Plaintiff's counsel further avers that "[i]f

7   Defendant placed additional collection calls or mailed additional collection letters, then such

8   facts would be essential to justify Plaintiff's Opposition [. . .], especially to Defendant's

9   argument that it only sent one subsequent letter that Defendant claims was an exception."  (*Id.* ¶

10  40.)

11   With the motion for summary judgment still pending, plaintiff filed the instant

12  motion to amend on May 2, 2013.  (ECF 47.)  Plaintiff seeks leave to amend her complaint to

13  include FDCPA and RFDCPA violations related to defendant's recent admissions that it placed

14  phone calls regarding plaintiff's T-Mobile account.  Defendant filed an opposition on May 24

15  (ECF 49), arguing among other things that the scheduling order's deadline for amended

16  pleadings has already passed, a point plaintiff concedes in her reply (ECF 50).  For the reasons

17  set forth below, the court grants leave to amend and denies defendant's pending motion for

18  summary judgment as moot.

19  II.    STANDARD

20   A party seeking leave to amend pleadings after the deadline specified in the

21  scheduling order must first satisfy Federal Rule of Civil Procedure 16(b)'s "good cause"

22  standard. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992).  Rule

23  16(b)(4) states that a "schedule may be modified only for good cause and with the judge's

24  consent."  This good cause evaluation "is not coextensive with an inquiry into the propriety of

25  the amendment under . . . Rule 15."  *Johnson*, 975 F.2d at 609.  Distinct from Rule 15(a)'s

26  liberal amendment policy, Rule 16(b)'s good cause standard focuses primarily on the diligence

27  of the moving party, *id.*, and that party's reasons for seeking modification, *C.F. ex rel.*

28  *Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).

1     If good cause exists, the party next must satisfy Rule 15(a).  *Cf. Johnson*,

2   975 F.2d at 608 (citing approvingly *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987),

3   for its explication of this order of operations).  Federal Rule of Civil Procedure 15(a)(2) states

4   "[t]he court should freely give leave [to amend its pleading] when justice so requires" and the

5   Ninth Circuit has "stressed Rule 15's policy of favoring amendments."  *Ascon Props., Inc. v.*

6   *Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).  "In exercising its discretion [regarding

7   granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule

8   15 — to facilitate decision on the merits rather than on the pleadings or technicalities.'"  *DCD*

9   *Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*,

10   655 F.2d 977, 979 (9th Cir. 1981)).  However, "the liberality in granting leave to amend is

11   subject to several limitations.  Leave need not be granted where the amendment of the

12   complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes

13   an exercise in futility, or creates undue delay."  *Ascon Props.*, 866 F.2d at 1160 (internal

14   citations omitted).

15   III.     ANALYSIS

16           Plaintiff argues she satisfies the leave to amend standard under Federal Rule of

17   Civil Procedure 15(a) because none of the Rule 15(a) factors limiting leave to amend is present

18   in this case.  For example, defendant will not suffer prejudice because it knew it had placed

19   telephone calls regarding plaintiff's T-Mobile account and willfully withheld this information

20   from plaintiff until the last minute.  (ECF 47 at 4–5.)  Plaintiff also notes she filed this motion

21   only nine days after receiving defendant's admission about the phone calls, and she is not

22   seeking leave to amend in bad faith or after undue delay.  (*Id.* at 5.)  Finally, plaintiff asserts

23   amendment would not be futile because her proposed first amended complaint contains two

24   new counts, each of which establishes a legally-sufficient claim for relief.  (*Id.* at 5–6.)  In

25   reply, plaintiff concedes Rule 16(b) initially governs this motion, but argues she meets both

26   Rule 15's and 16's standards for the same reasons.  (ECF 50.)

27           Defendant, noting that Rule 16(b)'s good cause standard governs, argues

28   plaintiff does not meet either standard.  (ECF 49 at 4–5.)  The nucleus of defendant's argument

4

1   is that plaintiff was not diligent in amending her complaint earlier, because she should have

2   known at this litigation's outset whether defendant called her about the T-Mobile account.  (*Id.*

3   at 5–6.)  Plaintiff lacks credibility, defendant asserts, because only now, after defendant

4   admitted it placed calls regarding plaintiff's account, does plaintiff allege defendant engaged in

5   conduct that amounts to harassment.  (*Id.*)

6                    A.      Good Cause under Rule 16

7                    Because plaintiff seeks leave to amend after the court's March 4, 2013

8   scheduling deadline for filing an amended complaint (Scheduling Order at 1, ECF 21), the

9   court's threshold inquiry is under Rule 16(b).  However, in plaintiff's moving papers, she seeks

10  to amend only her complaint; she does not move to otherwise amend the scheduling order.

11  While a court may deny as untimely a motion to amend after a scheduling order deadline has

12  passed, simply because the plaintiff did not request a modification of the scheduling order as

13  well, the court here declines to do so.  *Johnson*, 975 F.2d at 608.  Rather, the court exercises it

14  discretion to construe the instant motion as one to amend the scheduling order.  *Cf. id.*

15  (entertaining but denying a plaintiff's request to construe a motion to amend to join a party as a

16  de facto motion to amend the scheduling order).

17                   The court finds good cause exists to grant plaintiff leave to amend.  First, as this

18  court previously has found, plaintiff has pursued discovery diligently.  (Order on Pl.'s Mot. to

19  Stay under Rule 56(d) at 3–4 n.2, ECF 34.)  *Johnson*, 975 F.2d at 609.  It is defendant's

20  dawdling, not plaintiff's, that caused evidence of phone calls to be revealed only after the

21  original March 4, 2013 amendment deadline.  Plaintiff propounded its initial discovery request

22  on January 30, 2013.  (Agruss Decl. ¶ 10, Ex. A.)  On February 27, 2013, before responding to

23  plaintiff's discovery request, defendant filed its motion for summary judgment.   On March 7,

24  2013, defendant provided plaintiff its initial discovery responses, which did not include a single

25  document or telephone record information.  (*Id.* ¶¶ 10, 42, 46, Ex. A.)  Then on April 23, 2013,

26  three days before plaintiff's opposition to the summary judgment motion was due, defendant

27  served amended discovery responses indicating for the first time it placed calls regarding

28  plaintiff's account.  The amended response is vague and ambiguous: "Admit Defendant placed

5

1  telephone calls in an attempt to collect the debt owed on the T-Mobile Account." (ECF 45-11,

2  Ex. K at 3.)  No other information, such as the dates the calls were placed and to whom, is

3  provided.  On these facts, this case is distinguishable from *Johnson*, 975 F.2d at 610, where the

4  court denied the plaintiff leave to amend because his attorneys "filed pleadings and conducted

5  discovery but failed to pay attention to the responses they received."

6            Second, plaintiff's reasons for seeking amendment are compelling.  *Farnan*,

7  654 F.3d at 984.  The new evidence concerning the phone calls is significant, even without

8  considering plaintiff's proposed additional claims under 15 U.S.C. §§ 1692d and 1692d(5).

9  Plaintiff's original two causes of action allege defendant violated 15 U.S.C. § 1692 and

10 California Civil Code § 1788 by communicating with plaintiff after defendant received

11 plaintiff's cease and desist letter.  Until defendant submitted its amended discovery responses

12 on April 23, 2013, the record contained evidence of only one communication by defendant after

13 the June 5, 2012 cease and desist request: the June 7, 2012 collection letter.  The record now

14 indicates, among other things, a possibility that more post-June-5 communications exist.

15           Defendant's argument that plaintiff should have known at the outset of this

16 litigation whether she received calls from defendant is meritless.  Plaintiff is an eighty-nine-

17 year-old who lives with, and completely relies for care upon, her daughter, and the T-Mobile

18 account at issue concerns plaintiff's now-deceased husband's cell phone.  (Orozco Decl. ¶¶ 20,

19 22–24, Ex. B, ECF 45-2.)  It is possible that plaintiff does not remember receiving phone calls

20 from defendant specifically, or that someone else in her daughter's household fielded calls.

21 Given the facts of this case, it is at least plausible that knowledge and evidence of additional

22 post-June 5 communications may lie solely with defendant.

23         B.    Limitations on Amendment under Rule 15

24           None of Rule 15(b)'s limitations on the policy of liberality in granting leave to

25 amend applies here.  *Ascon Props.*, 866 F.2d at 1160.  Defendant is not unduly prejudiced by

26 permitting plaintiff to pursue claims based upon facts defendant revealed only after filing its

27 motion for summary judgment.  Defendant has not demonstrated plaintiff seeks leave to amend

28 in bad faith.  Granting leave to amend will not be futile because, as explained above, the record

6

1   now reflects a possibility that defendant communicated with plaintiff multiple times after

2   receipt of her cease and desist letter.

3   IV.    CONCLUSION

4          For the foregoing reasons, the court GRANTS plaintiff's motion to amend her

5   complaint.  Accordingly, the court also orders:

6          1.     The scheduling order is amended to permit plaintiff to file an amended

7   complaint within twenty-one days of the filed date of this order;

8          2.     The other scheduling order deadlines remain as is; and

9          2.     Defendant's pending motion for summary judgment is DENIED without

10  prejudice as moot (ECF 14).

11          IT IS SO ORDERED.

12  DATED:  July 29, 2013.

13

14  _____

15          UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28