UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGDALENA OROZCO, | No. 2:12-cv-2585 KJM CKD |
| Plaintiff, | |
| v. | ORDER |
| MIDLAND CREDIT MANAGEMENT INCORPORATED, | |
| Defendant. | |

Plaintiff's motion to compel came on regularly for hearing September 11, 2013. Michael Agruss appeared telephonically for plaintiff. Tomio Narita appeared telephonically for defendant. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

At issue in this case are defendant's responses to interrogatories, production of documents,[1] and responses to requests for admission. Plaintiff also moves to compel the depositions of individual employees of defendant. At the hearing, the court addressed each of the items of discovery in dispute and heard arguments as to each item. The court concludes that, save and except for Interrogatory no. 6, the interrogatories have been properly answered, responsive

---

[1] Plaintiff has withdrawn the motion to compel as to request for production of documents, no. 5.

1

documents have been produced, and the responses to the requests for admission are sufficient. With respect to the depositions of individual corporate employees whose depositions have not been noticed as Rule 30(b)(6)[2] depositions, the court finds that these individuals have not waived the right to be compelled by subpoena.  See Fed. R. Civ. P. 30, 45.

At the hearing on this matter, plaintiff requested "sanctions" against defendant.[3]  Local Rule 251(c)(3) requires the parties to set forth in a joint statement "[t]he contentions of each party as to each contested issue, including a memorandum of each party's respective arguments concerning the issues in dispute and the legal authorities in support thereof."  The 87-page joint statement submitted in connection with the motion to compel is devoid of any argument addressing this issue[4] and it does not appear the parties met and conferred on this issue as is contemplated by the Local Rule.  See ECF No. 65.  Plaintiff relies instead on a request made in the notice of motion to compel.  ECF No. 60.  In that notice, plaintiff simply argues that "sanctions" should be awarded but submits no billing sheets or other evidence supporting the request and specifies no amount of attorney's fees incurred in connection with the motion.  The court has carefully considered the timing of the responses to the discovery at issue on this motion and other factors such as the entry of the protective order on April 10, 2013 and the filing of the amended complaint on August 5, 2013.  Considering all of the circumstances of this case, the court concludes that an award of expenses is not warranted.

/////

/////

---

[2] Defendant represented to the court that it has identified a person to testify at a Rule 30(b)(6) deposition and will coordinate with plaintiff's counsel to complete said deposition in a timely manner prior to the extended cut-off for discovery, currently set for October 20, 2013.  It is the court's expectation that counsel will cooperate in this matter.

[3] The provision of Federal Rule of Civil Procedure 37 relied on by plaintiff allows for an award of "reasonable expenses," not "sanctions."  Fed. R. Civ. P. 37(a)(5).

[4] This lacuna is particularly puzzling given plaintiff's concession at the hearing that responsive documents have been produced.  Plaintiff's main contention at the hearing was that complete discovery responses were not provided until August 29, 2013 and thus "sanctions" should be awarded.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to compel (ECF No. 60) is granted as to Interrogatory no. 6. Within fourteen days from the date of this order, defendant shall provide a supplemental response to the interrogatory as posed. The motion to compel is denied with respect to the remaining discovery in dispute.

2. The motion to compel the depositions of individual corporate employees is denied without prejudice pending proper service of subpoenas.

3. The court finds an award of expenses is not warranted considering all of the circumstances reflected in the record before it on this motion. Fed. R. Civ. P. 37 (a)(5).

Dated: September 12, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE